```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ESPERANZA HERNANDEZ,
                                                    :
              Plaintiff,                            :   OPINION AND ORDER
         -against-                                  :
                                                        20 Civ. 7957(GWG)
COMMISSIONER OF SOCIAL SECURITY,
                                                    :
              Defendant.
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I. BACKGROUND

Plaintiff Esperanza Hernandez's application for a period of disability and disability insurance benefits was initially denied following a hearing by an Administrative Law Judge. See Complaint, filed September 25, 2020 (Docket # 1) ("Compl."). After Hernandez filed suit in federal court and made a motion for judgment on the pleadings, the parties stipulated to remand the matter to the agency. See Stipulation and Order, dated October 26, 2021 (Docket # 22). Upon remand, the Commissioner found Hernandez disabled and awarded past-due benefits. See Notice of Award, dated August 9, 2025, annexed as Ex. C to Affirmation of Daniel Burger, dated August 18, 2025 (Docket # 32) ("Berger Aff."). The Commissioner withheld 25% of the total amount, $20,109.00, for payment of Hernandez's attorney fees. Id. at 4.

Counsel now seeks to obtain $20,109.00 as compensation of his fees. See Berger Aff. The basis for the application is that Hernandez agreed to pay his attorney a contingency fee of 25% of any past-due benefits. See Attorney Fee Agreement, dated September 17, 2020, annexed as Ex. B to Berger Aff.

This Court previously awarded $7,500.00 in fees to counsel under the Equal Access to

1

Justice Act ("EAJA"), 28 U.S.C. § 2412. See Stipulation and Order, filed March 8, 2022 (Docket # 30). Counsel indicates that he will remit the lesser of the EAJA award or the fee awarded in the present application. See Mem. at 4.

The Government's response to the application takes no position on counsel's request. See Docket # 34.

II. DISCUSSION

As provided in 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."

In determining whether a fee is reasonable, even in the case of a contractual contingency fee arrangement, courts look to the following factors:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)). Here, the first two factors plainly weigh in favor of approving the fee request. First, the requested fee is well within reason given the quality and results of the representation. Hernandez's counsel wrote a detailed memorandum of law in support of plaintiff's motion for judgment on the pleadings. See Memorandum of Law, filed August 30, 2021 (Docket # 17). The briefing achieved its intended goal of obtaining a remand for Hernandez and ultimately led to an award of benefits by the agency. Second, there is no

evidence that Hernandez's counsel engaged in a delay of the proceedings to increase the potential fee award.

The third factor derives from Gisbrecht, which requires a court to consider whether the benefits obtained through a counsel's representation are "large in comparison to the amount of time counsel spent on the case," and, if the court so finds, the court may adjust a fee award that is based on the amount of those benefits downward. 535 U.S. at 808. Here, Hernandez's attorneys spent a combined 35.6 hours, not including the time spent by Hernandez's paralegals, in the federal court proceeding. See Time Records, annexed as Ex. B to Berger Aff. Thus, the requested fee of $20,109.00 would result in the payment of an hourly rate of $564.86.

However, with respect to the "windfall" issue, the Second Circuit in Fields v. Kijakazi, 24 F.4th 845 (2d Cir. 2022), held that courts must consider more than the "de facto hourly rate." Id. at 854. Fields stated that "[a]mong the factors" a court should consider are (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant— including any representation at the agency level"; (3) "the satisfaction of the disabled claimant," which Fields judged by referring to the favorability of the agency's decision and the absence of any indication in the record that the claimant objected to the award; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55.

These factors also weigh in favor of the requested fee award here. Based on this Court's experience, counsel is a frequent litigator on behalf of social security claimants and has achieved numerous favorable outcomes. The time spent was commensurate with the task and represent far

fewer hours than a novice litigator would have been required to expend.  Counsel represented claimant throughout the federal litigation and counsel's brief contained a careful examination of the alleged errors of the Administrative Law Judge's decision.  There is no indication that the claimant has objections to the award.  Finally, Hernandez's counsel produced a highly favorable result for his client in the form of an award of past due benefits and there was no certainty before suit that such a result could have been achieved.

Additionally, far higher de facto hourly rates than the de facto rate sought here have been approved by courts as reasonable in social security cases.  See Valle v. Colvin, 2019 WL 2118841, at *3-4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72); Nieves v. Colvin, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) ($1,009.11).

In the end, "a reduction in the agreed-upon contingency amount should not be made lightly," Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), because when a court finds that a high hourly rate justifies reducing the fee award, that reduction can "only serve to diminish the pool of attorneys willing to accept the risk of taking on" social security cases on a contingency fee basis in the future.  Puerto v. Happy Life Home Health Agency Inc., 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023) (addressing reasonableness of contingency fee arrangement in Fair Labor Standards Act case).   In light of this principle and our analysis of the factors identified in Fields, the Court concludes that the award sought here does not warrant reduction.

While the Court will grant the requested award of $20,109.00, counsel is required to remit to the claimant the $7,500.00 EAJA award.  See Gisbrecht, 535 U.S. at 796 (where a fee award is made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

Conclusion

      Counsel's motion for an award of $20,109.00 (Docket # 31) is hereby granted.  Counsel is ordered to return to Hernandez the $7,500.00 previously received pursuant to the EAJA.

Dated: September 8, 2025
      New York, New York

                                                          GABRIEL W. GORENSTEIN
                                                          United States Magistrate Judge